UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA,<br><br>                            Plaintiff,<br>      v.<br>SAUD A. ALESSA, *et al.*,<br>                            Defendants. | Case No. 3:19-cr-00010-MMD-WGC (All Defendants)<br><br>ORDER |
|---|---|

       This order addresses a series of miscellaneous motions primarily filed in March and early April before trial was continued to November 3, 2020. The Court will separately address the remaining substantive motions and motions in limine.

       Defendant Jeffrey Bowen's motion for the jury pool to view the Western District of Washington's video on implicit bias (ECF No. 61) is granted. The Court notes the motion is unnecessary because it is this Court's practice to show the video. However, counsel will not be permitted to ask follow-up questions about the video, but may propose questions for the Court to consider whether to pose. The government raises several concerns, which the Court rejects. (ECF No. 77 at 3-6.) Based on the Court's experience with other trials where the video was shown, implicit bias—the topic addressed in the video—properly reminds prospective jurors of their role as impartial judges of the facts.

       Bowen's motion for mixed court and attorney voir dire (ECF No. 59) and motion to use case specific questionnaire (ECF No. 62) are denied. The Court will permit counsel to propose questions for the Court to pose to the prospective jurors. Counsel will have the opportunity during jury selection to ask the Court to conduct any additional follow up questions.

       Bowen's motion for additional peremptory challenges (ECF No. 60) is granted. The Court agrees with Bowen that Defendants should be given two additional peremptory

challenges for a total of 12 under Rule 24(b)(2). The Court also disagrees that the government should be given an additional peremptory challenge.

Bowen's motion for leave to file motions in limine (ECF No. 71) is granted in part. While trial will proceed more efficiently if the parties identify potential evidentiary issues in advance of trial for the Court to resolve, the Court will permit the parties to raise evidentiary objections during trial. Whether written briefs will be required depend on the issues raised.

Co-Defendants' motion to join Defendant Jeffrey Bowen's motions (ECF No. 72) is granted.

The government's motion to set filing deadline for certain motions in limine (ECF No. 89) is granted as unopposed (ECF No. 97).

The Court finds it best serves the purpose of judicial economy for the parties to work to resolve the motions docketed as ECF Nos. 63, 64, and 65. The parties should be able to resolve what appears to be a minor issue dealing with timing of disclosure of the information covered under these three motions. The Court therefore denies the motions docketed as ECF Nos. 63, 64, and 65 without prejudice.

DATED THIS 12th day of June 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE