UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br>SAUD A. ALESSA, *et al.*,<br>Defendants. | Case No. 3:19-cr-00010-MMD-WGC-1<br><br>ORDER |

Defendant Saud A. Alessa was indicted on four tax fraud counts based on the government's theory that he conspired with his supervisor and domestic partner to conceal his income as a manager of door-to-door vacuum salesmen to prevent the Internal Revenue Service ("IRS") from garnishing his wages to pay previously incurred tax debts. (ECF No. 1.) Before the Court is the government's emergency motion to quash Alessa's subpoena of retired IRS Revenue Officer Phil Mandichak requiring his appearance at an evidentiary hearing set for September 8, 2021 (the "Hearing").[1] (ECF No. 223 (the "Motion").) Because the Court agrees with the government that Mandichak's anticipated testimony is irrelevant to the issues it wishes to hear testimony about at the Hearing—why the government was late in disclosing the evidence that negatively impacts Revenue Officer Gurney's credibility that it eventually disclosed—and as further explained below, the Court will grant the Motion.

While the Court could have been clearer in explaining the scope of the upcoming Hearing, the Court decided to hold the Hearing out of concern about whether the government timely disclosed the materials it had regarding Gurney's misconduct in this case, especially given the government's representations that the prosecution team knew

---

[1]The Court ordered an expedited response given the limited time until the Hearing. (ECF No. 225.) Alessa filed a response. (ECF No. 245.)

of *Giglio* materials regarding Gurney and were diligent in obtaining the materials for disclosure. (ECF No. 170 at 22-27 (currently sealed).) Alessa's response to the Motion makes many broad arguments, but the only representations specifically pertinent to Mandichak's anticipated testimony are:

> RO Mandichak worked with Officer Gurney for a decade, can shed light on evidence the government has never disclosed, and reveal the potential prejudice from the government's late disclosure of the TIGDA reports at issue. Specifically, it is anticipated he would testify that there is more information regarding Ms. Gurney than the government disclosed, and that the local IRS office as a whole was plagued by incompetence and corruption.

(ECF No. 245 at 6.) But these assertions do not indicate whether Mandichak was aware that government withheld information from Alessa's defense team, nor do they indicate that he would be able to testify as to any additional information the government may have that it has not already disclosed to Alessa's defense team.[2] Potential prejudice from the government's late disclosure and competency of the local IRS office are issues outside of the scope of the Court's oral ruling granting the evidentiary hearing.

The Court accordingly finds that Mandichak's anticipated testimony is outside the scope of the upcoming Hearing. The Court is trying to understand why the government was late in disclosing the negative information it had about Gurney, not looking to conduct a far-ranging inquiry into Gurney's misconduct or the competency of the local IRS office. The Court will quash Alessa's subpoena for Mandichak to appear at the Hearing because requiring his appearance to provide his anticipated testimony is unreasonable given the issues the Court wishes to hear testimony about at the Hearing. *See, e.g.*, *United States v. Bergeson*, 425 F.3d 1221, 1224 (9th Cir. 2005) ("Rule 17(c)(2) confers discretion on the district court to quash a grand jury subpoena if compliance would be 'unreasonable or oppressive.'") (footnote omitted).

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and

---

[2]Mandichak appears to have concluded his employment with the IRS in 2018 (ECF No. 228 at 1 (sealed)), before the indictment in this case.

determines that they do not warrant discussion as they do not affect the outcome of the Motion before the Court.

It is therefore ordered that the government's emergency motion to quash Alessa's subpoena of retired IRS Revenue Officer Phil Mandichak (ECF No. 223) is granted.

It is further ordered that Alessa's subpoena for Phil Mandichak to appear at the September 8, 2021, evidentiary hearing is quashed.

DATED THIS 3rd Day of September 2021.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE