UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

UNITED STATES OF AMERICA,

Plaintiff,

v.

SAUD A. ALESSA, *et al.*,

Defendants.

Case No. 3:19-cr-00010-MMD-WGC-1

ORDER

## I.    SUMMARY

Defendant Saud A. Alessa was indicted on four tax fraud counts based on the government's theory that he conspired with his supervisor and domestic partner to conceal his income as a manager of door-to-door vacuum salesmen to prevent the Internal Revenue Service from garnishing his wages to pay previously incurred tax debts. (ECF No. 1.) Trial is scheduled to commence on October 18, 2021. Before the Court are the government's pending motions in limine.[1] (ECF Nos. 203, 204, 234, 263.) The Court resolves each of the four motions, in turn, below, after reciting the applicable legal standard. The Court will grant the motion regarding Patricia A. Cain and deny the other three motions.

## II.    LEGAL STANDARD

A motion in limine is a procedural mechanism to limit testimony or evidence in a particular area in advance of trial. *See U.S. v. Heller*, 551 F.3d 1108, 1111-12 (9th Cir. 2009). It is a preliminary motion whose outcome lies entirely within the discretion of the Court. *See Luce v. U.S.*, 469 U.S. 38, 41-42 (1984). To exclude evidence on a motion in limine, the evidence must be "inadmissible on all potential grounds." *See, e.g., Ind. Ins.*

---

[1]The Court also reviewed the parties' responses and replies and related documents. (ECF Nos. 208, 211, 213, 215, 218, 220, 224, 277, 287, 291, 296, 297, 307.)

*Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Hawthorne Partners v. AT & T Tech., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). This is because although rulings on motions in limine may save "time, cost, effort and preparation, a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1218 (D. Kan. 2007).

In limine rulings are provisional. Such "rulings are not binding on the trial judge . . . [who] may always change h[er] mind during the course of a trial." *Ohler v. U.S.*, 529 U.S. 753, 758 n.3 (2000). "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial." *Ind. Ins. Co.*, 326 F. Supp. 2d at 846. "Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." *Id.*

Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Only relevant evidence is admissible. *See* Fed. R. Evid. 402. Relevant evidence may still be inadmissible "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Unfairly prejudicial" evidence is that which has "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Gonzalez-Flores*, 418 F.3d 1093, 1098 (9th Cir. 2005) (quoting *Old Chief v. United States*, 519 U.S. 172, 180 (1997)).

### III.   ECF NO. 203: GOVERNMENT MOTION TO EXCLUDE EVIDENCE ABOUT CHARGING DECISION

The Court agrees with Alessa that this motion should be denied. First, the government failed to comply with LCR 12-2 requiring the filing party to certify that "the

2

parties have participated in the meet-and-confer process as defined by LR IA 1-3(f) and have been unable to resolve the matter without court action." Moreover, the briefing process underscores the purpose of this local rule—to encourage the parties to resolve their disagreements before seeking court intervention. Had the government complied with LR IA 1-3(f), the government could have avoided filing the motion or at least narrowed the issues raised in the motion. Regardless, and as explained below, the Court denies the motion on its merits.

The government seeks to preclude evidence and testimony relating to: (1) the government's decision to charge defendant; and (2) alleged prosecutorial misconduct. (ECF No. 203.) Alessa responded that he does not intend to assert prosecutorial misconduct, and moreover, he should not be precluded from attacking the credibility of the government's witnesses, including any potential biases. (ECF No. 215.) The government then clarifies in reply that it is not seeking to limit Alessa's cross-examination of witnesses as to their credibility or potential biases. (ECF No. 220.) Thus, there appears to be very little dispute remaining. As to other means that Alessa may utilize to challenge "the sufficiency of the government's investigation" (ECF No. 215 at 3), the Court defers ruling until if and when evidence that falls into this category is offered at trial. The government's motion is accordingly denied.

## IV.    ECF NO. 204: GOVERNMENT MOTION TO EXCLUDE TESTIMONY OF BRUCE A. MARKELL

The government next seeks to exclude the testimony of Bruce A. Markell on several grounds. (ECF No. 204.) The Court finds the motion unpersuasive. First, to the extent the government argues that Professor Markell's testimony should be excluded simply because it is improper for an expert witness to testify about legal matters (*id.* at 7-8), the Court instead agrees with Alessa that Federal Rule of Evidence 702 contains no such prohibition on expert testimony (ECF No. 208 at 3). Second, the government primarily challenges Alessa's contention that Professor Markell's testimony is relevant

1   and would be helpful to the trier of fact.[2] It is challenging for the Court to assess the

2   relevance of Professor Markell's anticipated testimony without the benefit of the

3   government's trial presentation. The Court will therefore defer ruling on the government's

4   relevance objection until trial. That said, the Court tends to agree with the government

5   that Professor Markell's anticipated opinion as to the following area is not relevant to the

6   charges: "the quality of advice given to Mr. Alessa with respect to the recommendation to

7   file bankruptcy; the competency with which the defendant's bankruptcy was filed and

8   defended; and the level of competency exhibited by the Government in protecting and

9   collecting defendant's tax debt." (ECF No. 204 at 5.) Indeed, that Alessa's attorney may

10  have given him unsound legal advice—that a successful bankruptcy discharge would

11  affect the ability of the Internal Revenue Service to collect on old tax debt—would not

12  allow the jury to make any inference as to his intent but would only tend to confuse the

13  issues. The same goes for whether the government was competent in trying to collect

14  Alessa's tax debt.

15      In sum, the Court denies the government's motion and will defer ruling on any

16  relevance objection until trial.

17  **V.   ECF NO. 234: GOVERNMENT MOTION TO EXCLUDE TESTIMONY OF
        PATRICIA A. CAIN**

18

19      The government similarly seeks to exclude the testimony of Patricia A. Cain,

20  contending that, *inter alia,* her testimony as to tax laws governing assignment of income

21  is improper, irrelevant and may confuse and mislead the jury. (ECF No. 234 at 6-16.)

22  Alessa counters that the assignment of income doctrine is complex as Professor Cain will

23

---

24  [2]To the extent the government objects to Professor Markell's testimony as
    intruding on the jury's role of determining the ultimate issues, Alessa may offer his
25  testimony to support his contention that he had a good faith belief that he was acting in
    accordance with the law. (ECF No. 208 at 6.) *See also United States v. Morales*, 108 F.3d
26  1031, 1038 (9th Cir. 1997) ("In more recent cases we have adopted an interpretation of
    Rule 704(b) that allows testimony supporting an inference or conclusion that the
27  defendant did or did not have the requisite mens rea, so long as the expert does not draw
    the ultimate inference or conclusion for the jury and the ultimate inference or conclusion
28  does not necessarily follow from the testimony."). Thus, Professor Markell's anticipated
    testimony would not be improper simply because his testimony may allow the jury to infer
    Alessa's state of mind.

1   explain, the uncertainty in the law is relevant to the issue of Alessa's subjective intent
2   even if Alessa was not aware of such conflict, and Professor Cain's anticipated testimony
3   does not raise Fed. R. Evid. 403 concerns. (ECF No. 277 at 3 n. 4, 6-11.) The Court
4   agrees with the government.

5       While Fed. R. Evid. 702 and 704 do not preclude expert testimony on legal issues,
6   Professor Cain's anticipated testimony on assignment of income does directly involve an
7   issue in this case. Even if the law governing assignment of income is complex, it is the
8   Court's role to instruct the jury as to such governing law pertinent to the offenses charged
9   here. Moreover, Alessa essentially conceded—as he must—that there is nothing
10  controversial or complex about the general principle that a taxpayer cannot assign income
11  to another person to avoid tax liability. (ECF No. 277 at 6.) And this is part of the manner
12  of the alleged conspiracy charged in count one—that the purported scheme involved
13  Alessa's income and commissions being recorded in the name of co-defendant Jackie
14  Hayes and paid to her to conceal Alessa's income to avoid tax liability. (ECF No. 1 at 6-
15  7.)

16      Alessa relies on *United States v. Garber,* 607 F.2d 92 (5th Cir. 1979) (*en banc*) to
17  argue that "expert testimony regarding the uncertainty of the tax law was admissible even
18  if the defendant was unaware of the conflict." (ECF No. 277 at 3.) But the Court agrees
19  with the government that *Garber* involved an unusual set of facts and is distinguishable.
20  The defendant in that case was charged with willful evasion of income taxes for three tax
21  years involving failure to report certain payments she received for the sale of her rare
22  blood plasma. *See id.* at 93-94. The district court had excluded testimony from both
23  experts for the government and for the defendant as to whether the payments were even
24  considered taxable income. This was despite the government's expert witness's
25  testimony acknowledging that the "case is the first of its kind." *Id.* at 95. The government's
26  expert opined that the payments were taxable income if the defendant was considered to
27  have "made available her bodily functions or products for a consideration which
28  constituted taxable income" but "if the exchanges were considered the sale of a product,

1   there would be no taxable basis or original cost for the product sold, and the entire sales

2   price would constitute gain subject to the tax under section 61(a)(3)" involving gains from

3   dealings in property. *Id.* at 94-95. The defendant's expert witness testified that the

4   payments the defendant received were not within section 61(a)'s definition of income and

5   "she therefore participated in tax-free exchanges." *Id.* at 95. The defendant also "testified

6   that she subjectively thought that proceeds from the sale of part of her body were not

7   taxable." *Id.* at 99. The court of appeals found the district court should not have prevented

8   the jury from hearing about this "uncharted area in tax law" involving the tax treatment of

9   payments earned from the sale of blood plasma, thereby depriving the defendant from

10  presenting "evidence showing her state of mind to be reasonable." *Id.*

11         But as the government points out, a panel of the Fifth Circuit later construed *Garber*

12  narrowly, limiting its holdings to the facts of that case. (ECF No. 287 at 4.) In *United States*

13  *v. Burton,* 737 F.2d 439, 444 (5th Cir. 1984), the court distinguished *Garber* as applying

14  only where the "level of uncertainty was so high we did not require a connection between

15  the legal uncertainty and [the defendant's] claim. Awareness of legal debate thus was

16  virtually presumed[.]" And the level of legal uncertainty regarding assignment of income

17  today is not nearly as high as the level of legal uncertainty regarding the taxation of the

18  sale of blood plasma in the 1970s.  In any event, the Court finds *Burton*'s view of *Garber*'s

19  narrow application persuasive.

20         Alessa further argues that the Ninth Circuit adopted *Garber* by citing to it with

21  approval in *United States v. Clardy*, 612 F.2d 1139 (9th Cir. 1980). (ECF No. 277 at 5.)

22  But there, the Ninth Circuit relied on *Garber* when it affirmed the district court's decision

23  to permit an Internal Revenue Agent to offer expert testimony on interest deduction, which

24  the defendant argued was a legal issue upon which the district court should have

25  instructed the jury. *See Clardy,* 612 F.2d at 1152-53. Citing to *Garber,* the *Clardy* court

26  determined that such testimony "is relevant to the issue of willfulness where the theory of

27  the defense is that there is a good faith dispute as to the interpretation of tax laws." *Id.* at

28  1153. The *Clardy* court did not find or even suggest that a defendant did not need to be

aware of any conflicting interpretation of tax laws in asserting such a defense. In fact, the Court finds guidance to the contrary in *United States v. Powell*, 955 F.2d 1206 (9th Cir. 1991), where the court explained that in a section 7203 case where willfulness is an element of the defense: "[l]egal materials upon which the defendant does not claim to have relied, however, can be excluded as irrelevant and unnecessarily confusing because only the defendant's subjective belief is at issue[.]" *Id.* at 1214. And that makes sense. It is hard to see how Alessa could have relied in good faith—sufficient to negate willfulness—on uncertainty in the law that he did not know existed.

While *Garber* supports Alessa's argument that evidence of a conflict in the law of assignment of income is relevant even if he was not aware of the existence of such a conflict, the Court finds that such a conflict is irrelevant to Alessa's state of mind or his good faith defense if he was not aware of such conflict.

In sum, even assuming that Alessa is correct that the law governing assignment of income is complex and unsettled, Professor Cain's testimony is irrelevant if Alessa was not aware that the law was unsettled and would confuse the issues for the jury. The Court thus agrees with the government and grants its motion to exclude Professor Cain's proposed testimony.

## VI.    ECF NO. 263: GOVERNMENT MOTION TO EXCLUDE TESTIMONY OF JEFFREY D. SMITH

It is not clear to the Court at this time whether Jeffrey D. Smith's proposed testimony, other than proposed rebuttal testimony, may be relevant. The Court thus denies the government's motion and defers evaluating Smith's testimony until the Court has heard the government's presentation and better understand the parties' arguments in the context of trial. *See, e.g.*, *Ind. Ins. Co.*, 326 F. Supp. 2d at 846 ("Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded.").

///

///

7

1   **VII.   CONCLUSION**

2   The Court notes that the parties made several arguments and cited to several

3   cases not discussed above. The Court has reviewed these arguments and cases and

4   determines that they do not warrant discussion as they do not affect the outcome of the

5   motions before the Court.

6   It is therefore ordered that the government's motion to exclude evidence about

7   charging decisions (ECF No. 203) is denied.

8   It is further ordered that the government's motion to exclude the testimony of Bruce

9   A. Markell (ECF No. 204) is denied.

10   It is further ordered that the government's motion to exclude the testimony of

11   Patricia A. Cain (ECF No. 234) is granted.

12   It is further ordered that the government's motion to exclude the testimony of

13   Jeffrey D. Smith (ECF No. 263) is denied.

14   DATED THIS 30th Day of September 2021.

15

16   _____

17   MIRANDA M. DU
     CHIEF UNITED STATES DISTRICT JUDGE

18

19

20

21

22

23

24

25

26

27

28

8