UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 3:19-cr-00010-MMD-WGC |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| SAUD A. ALESSA, *et al.*, | |
| Defendants. | |

**I.   SUMMARY**

Defendant Saud A. Alessa was indicted on four tax fraud counts based on the government's theory that he conspired with his supervisor and domestic partner to conceal his income as a manager of door-to-door vacuum salesmen to prevent the Internal Revenue Service from garnishing his wages to pay previously incurred tax debts. (ECF No. 1.) Alessa's Co-Defendant Jeffery Bowen also faces trial on a single conspiracy count. (*Id.* at 6.) Before the Court is the government's motion in limine regarding opening statements.[1] (ECF No. 340 ("Motion").) Because the Court finds it more prudent to rule on the admissibility of Defendants' statements when the government attempts to introduce them during trial, and as further explained below, the Court will deny the Motion.

---

[1] The Court set an expedited briefing schedule on the Motion at a pretrial conference. (ECF No. 354 (hearing minutes).) Per that expedited briefing schedule, Defendants Alessa and Bowen ("Defendants") timely filed a joint response to the Motion (ECF No. 356), and the government filed a reply (ECF No. 360). The Court also granted Defendants leave to raise the issue of whether the government could refer to certain Facebook pages in its opening statements at the pretrial conference. (ECF No. 354.) Defendants accordingly requested that the government not be permitted to refer to certain Facebook pages in the government's opening in Defendants' response to the Motion. (ECF No. 356 at 5-6.) However, the government stated in its reply that it will not refer to any Facebook pages in its opening statement. (ECF No. 360 at 5 n.5.) Defendants' request that the government not be permitted to refer to certain Facebook pages in its opening statement is accordingly denied as moot based on the government's representation in its reply. (*Id.*)

## II. LEGAL STANDARD

A motion in limine is a procedural mechanism to limit testimony or evidence in a particular area in advance of trial. *See U.S. v. Heller*, 551 F.3d 1108, 1111-12 (9th Cir. 2009). It is a preliminary motion whose outcome lies entirely within the discretion of the Court. *See Luce v. U.S.*, 469 U.S. 38, 41-42 (1984). To exclude evidence on a motion in limine, the evidence must be "inadmissible on all potential grounds." *See, e.g.*, *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Hawthorne Partners v. AT & T Tech., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). This is because although rulings on motions in limine may save "time, cost, effort and preparation, a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1218 (D. Kan. 2007).

In limine rulings are provisional. Such "rulings are not binding on the trial judge . . . [who] may always change h[er] mind during the course of a trial." *Ohler v. U.S.*, 529 U.S. 753, 758 n.3 (2000). "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial." *Ind. Ins. Co.*, 326 F. Supp. 2d at 846. "Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." *Id.*

Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Only relevant evidence is admissible. *See* Fed. R. Evid. 402. Relevant evidence may still be inadmissible "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Unfairly prejudicial" evidence is that which has "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one."

*United States v. Gonzalez-Flores*, 418 F.3d 1093, 1098 (9th Cir. 2005) (quoting *Old Chief v. United States*, 519 U.S. 172, 180 (1997)).

### III.  DISCUSSION

In its Motion, the government seeks the Court's permission to include in its opening statements its view that Alessa lied when he testified during his bankruptcy proceeding in 2013 that he was a stay-at-home dad who had not worked since 2006, along with stating that Bowen lied during those same proceedings when he stated that Alessa had not worked as a sales team leader for J&L Distributing, one of Bowen's businesses, for some five years. (ECF No. 360 at 2-3.)[2] Defendants counter that the Court should not permit the government to make these statements during its opening because they pose unique Confrontation Clause and evidentiary issues—co-defendant statements necessarily being introduced against the other co-defendant in an alleged conspiracy—that the Court will be in a better position to resolve during trial. (ECF No. 356 at 2-5.) The government replies that there is no Confrontation Clause issue because it is not seeking to admit the statements for the truth of the matter asserted—quite the opposite, the government argues it has a good faith basis to refer to these statements in its opening because it believes the evidence that the Court will ultimately admit at trial will show these statements were false. (ECF No. 360.)

While the caselaw the government relies on in its reply appears to support the proposition that there is no Confrontation Clause issue with statements "offered for a purpose other than the truth of the matter asserted, such as to prove they were made and that such statements were false[,]" the Court nonetheless grants Defendants' request to preclude the government from discussing these two statements (ECF No. 360 at 2-3) in its opening. (*Id.* at 3-5 (relying in pertinent part on *Crawford v. Washington*, 541 U.S. 36, 59 n.9 (2004), *Anderson v. United States*, 417 U.S. 211, 219 (1974), *Williams v. Illinois*, 567 U.S. 50, 70 (2012), and *United States v. Audette*, 923 F.3d 1227, 1238 (9th Cir.

---

[2]The Motion also addressed a statement by Defendant Hayes (ECF No. 340 at 2), but the government stated in its reply that it no longer intends to refer to Defendant Hayes' statement in its opening. (ECF No. 360 at 3 n.3.)

2019).) The Court is not entirely convinced that this line of cases sanctions admission of the two statements the government seeks to admit here given the tension between the Fifth and Sixth Amendments that Defendants identify in their response—where each of these statements would, at least in part, come in against one co-defendant who may not have the ability to cross-examine the other if the other invokes his Fifth Amendment right against self-incrimination.

The Court also considers practical concerns. Primary among these concerns is the Court's view that it will be in a better position to evaluate the admissibility of these statements when the government attempts to admit them at trial. Allowing the government to call these statements lies in its opening essentially requires the Court to make a consequential decision about their admissibility without the benefit of the other evidence the government will presumably use to attempt to establish the falsity of these statements at trial, and prudence accordingly counsels against ruling in the government's favor at this time.

In addition, the Court previously denied Defendant Bowen's motion to sever in part because any prejudice resulting from the joint trial could be cured by limiting jury instructions. (ECF No. 115 at 2-3.) But the parties have already submitted their proposed preliminary jury instructions for the Court's review, and those proposed preliminary jury instructions do not speak to the issues raised by the Motion. (ECF No. 337 at 2-30.) Further, the Court's ability to instruct the jury in any meaningful way before opening statements to only consider any of Alessa's statements that the government mentions against Alessa but not Bowen, or vice-versa, is likely limited in any event. There is accordingly at least some risk of prejudice to Defendant Bowen if the Court were to allow the government to reference these two statements in its opening that could be difficult to remedy with curative instructions—particularly considering the government did not provide the Court with any.

Finally, the risk of letting the government say too much in opening—mistrial—outweighs the risk of letting the government say too little in opening. And assuming the

government can get these statements admitted during its case-in-chief, and establish their falsity, the government may refer to them as lies in its closing argument to the jury. The Court accordingly does not view its denial of the Motion as substantially prejudicial to the government. In any event, the Motion is denied.

**IV.    CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motion before the Court.

It is therefore ordered that the government's motion in limine regarding opening statements (ECF No. 340) is denied as specified herein.

DATED THIS 21st Day of October 2021.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE