1
2
3
4
5

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

6

UNITED STATES OF AMERICA,

Case No. 3:19-cr-00010-MMD-WGC

7

                    Plaintiff,

ORDER

8

        v.

9

SAUD A. ALESSA, *et al.*,

10

                    Defendants.

11

## I.  SUMMARY

12

Defendant Saud A. Alessa was indicted on four tax fraud counts based on the

13

government's theory that he conspired with his supervisor and former domestic partner

14

to conceal his income as a manager of door-to-door vacuum salesmen to prevent the

15

Internal Revenue Service from garnishing his wages to pay previously incurred tax debts.

16

(ECF No. 1.) Alessa's Co-Defendant Jeffery Bowen was also indicted on a single

17

conspiracy count. (*Id.* at 6.) Trial is currently in progress. Before the Court is Defendants'

18

motion to dismiss the indictment with prejudice for a purported *Brady*[1] violation.[2] (ECF

19

No. 382 ("Motion").) The Court denied the Motion on the record in open court but stated

20

that a written order further explaining its reasoning would follow. This is that written order.

21

As further explained below, the Court denies the Motion because the Court finds the

22

government did not violate its *Brady* obligations.

23

## II.  BACKGROUND

24

The third Co-Defendant in this case, Jackie Hayes, decided to plead guilty to the

25

single conspiracy count alleged against her on the eve of trial. The events pertinent to the

26
27
28

---

[1]*Brady v. Maryland*, 373 U.S. 83 (1963).

[2]The government filed a response (ECF No. 386) on an expedited briefing schedule ordered by the Court (ECF No. 380).

1   Motion described below occurred as trial got underway. Defense counsel learned Hayes

2   intended to plead guilty October 13, 2021. (ECF No. 334.) At the time, trial was scheduled

3   to commence on October 18, 2021. (ECF No. 308.) Hayes met with the government on

4   October 14, 2021. (ECF Nos. 386 at 2.) The government prepared a memorandum of

5   interview ("MOI") summarizing what Hayes said at this meeting and produced it to

6   defense counsel either October 15 or 16, 2021. (*Id.* (stating the government produced the

7   MOI on October 15); *see also* ECF No. 382 at 2 (stating the government produced the

8   MOI on October 16); ECF No. 382-1 ("October 14 MOI").) Hayes pleaded guilty on

9   October 15, 2021. (ECF No. 353 (stating the hearing was held on October 15, 2021); *see*

10  *also* ECF No. 348 ("Final Plea Agreement").)

11          The government met again with Hayes on October 24, 2021. (ECF No. 386 at 2.)

12  The government provided defense counsel with a MOI of that meeting on October 25,

13  2021. (*Id.*; *see also* ECF No. 382-2 ("October 24 MOI").) The trial began that same

14  morning. (ECF No. 375.)

15          On October 26, 2021, defense counsel requested that the government provide the

16  defense with a copy of any draft plea agreements offered to Hayes, and the government

17  provided a draft plea agreement that day. (ECF No. 382 at 3; *see also* ECF No. 382-4

18  ("Draft Plea Agreement").)

19          On October 27, 2021, Hayes testified on direct examination. (ECF No. 380.)

20  Defense counsel raised concerns with the Court that the government had made some

21  changes between the Draft Plea Agreement and the Final Plea Agreement that Hayes

22  pleaded guilty to, arguing that that the government violated its *Brady* obligations by failing

23  to timely produce the Draft Plea Agreement. (*Id.*) The Court rearranged the trial schedule

24  to delay Hayes' cross-examination so that the Court could review briefing on the issue

25  and rule on it before Defendants cross-examined Hayes. (*Id.*) Per the Court's order to

26  brief the issue on an expedited schedule (*id.*), the Motion raises that same argument in

27  writing (ECF No. 382 at 3). The Court issued its oral ruling denying the Motion outside the

28

1   presence of the jury before Defendants began their cross-examination of Hayes on

2   November 1, 2021.

3   **III.   DISCUSSION**

4          Defendants argue that the government's failure to disclose the Draft Plea

5   Agreement until October 26, and when prompted, violated its obligations under *Brady* and

6   the Court should accordingly dismiss the indictment with prejudice. (ECF No. 382.)

7   Defendants' Motion focuses on two types of changes between the Draft Plea Agreement

8   and the Final Plea Agreement: (1) statements to the effect that Hayes herself altered

9   documents that she provided to the United States Bankruptcy Trustee's Office ("Trustee")

10  were changed to instead say that Hayes saw Alessa alter at least one document, she

11  knew at least one document contained false information, and she brought that document

12  along with other documents to the Trustee; and (2) the Final Plea Agreement does not

13  include a statement that Hayes met with a Revenue Officer from the Internal Revenue

14  Service on January 24, 2013 that was included in the Draft Plea agreement. (*Id.* at 6.)

15         The government responds that these changes do not constitute a *Brady* violation

16  because the factual information that led to the changes emerged at the government's first

17  meeting with Hayes, and the government timely shared those new facts with defense

18  counsel on October 15, 2021—in the October 14 MOI. (ECF No. 386 at 2.) The

19  government further explains that it drafted the Draft Plea Agreement with no input from

20  Hayes and made changes based on what she told the government at the October 14

21  meeting. (*Id.* at 2-3.) The government also argues that the Draft Plea Agreement is the

22  government's work product containing no discoverable information—which it provided in

23  any event. The government accordingly argues that it did not violate its *Brady* obligations.

24  The Court agrees with the government.

25         As the government notes (*id.* at 3-6), the factual bases of the changes between

26  the Draft Plea Agreement and Final Plea Agreement regarding Hayes' involvement in

27  altering documents she brought to the Trustee's office are in the October 14 MOI. (ECF

28  No. 382-1 at 6-7 (noting that Hayes said she recalled taking documents to the Trustee's

1   office but stating that she never personally whited-out any documents).) The October 14

2   MOI also includes Hayes' statement that she "does not remember an IRS Revenue

3   Officer coming to her door in Sparks looking for ALESSA." (*Id.* at 8.) Thus, the facts

4   underlying the two types of changes the government made from the Draft Plea Agreement

5   to the Final Plea Agreement are in the October 14 MOI. And the government timely turned

6   over the October 14 MOI on either October 15 or October 16. (ECF Nos. 382 at 2 (stating

7   October 16), 386 at 2 (stating October 15).)

8   　　　　The only additional information that Defendants would have gotten if the

9   government had turned over the Draft Plea Agreement sooner was the government's

10  understanding of what the new information Hayes disclosed in the October 14, 2021,

11  meeting meant. For example, Defendants argue the Draft Plea Agreement "reflected the

12  government's understanding of what the evidence showed Ms. Hayes' role to be in the

13  conspiracy." (ECF No. 382 at 7.) However, *Brady* does not require the prosecutor "to

14  reveal his or her strategies, legal theories, or impressions of the evidence." *Morris v. Ylst*,

15  447 F.3d 735, 742 (9th Cir. 2006). And, as noted, the government did timely disclose the

16  underlying exculpatory facts before Defendants requested the materials. (ECF Nos. 382-

17  1 at 6-8, 382 at 2 (stating the government produced the October 14 MOI on October 16),

18  386 at 2 (stating the government produced the October 14 MOI on October 15).) *See also*

19  *Ylst*, 477 F.3d at 742 ("a prosecutor's opinions and mental impressions of the case are

20  not discoverable under *Brady unless* they contain underlying exculpatory facts.")

21  (emphasis in original); *United States v. Kohring*, 637 F.3d 895, 907 (9th Cir. 2011) (citing

22  *Ylst* for this same proposition). Thus, the fact that the government did not disclose a copy

23  of the Draft Plea Agreement or its existence until Defendants requested it does not mean

24  that the government violated its obligations under *Brady*.

25  　　　　Moreover, Defendants received the Draft Plea Agreement before they began their

26  cross-examination of Hayes in any event. On the record before the Court on the Motion,

27  the government did not violate its *Brady* obligations.

28  ///

4

## IV.    CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion before the Court.

It is therefore ordered that the Defendants Saud A. Alessa and Jeffrey Bowen's motion to dismiss for a *Brady* violation (ECF No. 382) is denied as specified herein.

DATED THIS 2nd Day of November 2021.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE