UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 3:19-cr-00010-MMD-CSD-2 |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| SAUD A. ALESSA, *et al.*, | |
| Defendants. | |

The Court sentenced Defendant Jackie Hayes to two months in custody, followed by three years of supervised release on one count of conviction for conspiracy to defraud the United States. (ECF No. 457 at 1-3.) The Court recommended that Hayes be designated to serve her sentence at the FCI Victorville, CA minimum security camp for women. (*Id.* at 2.) Before the Court is Hayes' Emergency Motion for Writ of Habeas Corpus Ad Subjiciendum and/or § 2241, or in the Alternative, to Commute the Sentence. (ECF No. 458 ("Motion").) The Court directed the government to respond by March 8, 2022 (ECF No. 460), which it did (ECF No. 461). While the Court is sympathetic to Hayes' present predicament, the Court lacks jurisdiction to intervene.

Hayes asks the Court to direct that she be transferred to the FIC Victorville minimum security camp as the Court recommended. (ECF No. 458 at 6.) Hayes insists that the Court has jurisdiction under the All Writs Act, citing to 28 U.S.C. § 1651(a), and that she is seeking to attack the execution of her sentence under 28 U.S.C. § 2241. (*Id.* at 3-4.) However, the All Writs Act does not confer jurisdiction and may only be invoked to aid jurisdiction which already exists. *See Malone v. Calderon*, 165 F.3d 1234, 1237 (9th Cir. 1999) (citations omitted); *Jackson v. Vasquez*, 1 F.3d 885, 889 (9th Cir. 1993) (citation omitted). Hayes' challenge to the execution of her sentence under § 2241 must

be asserted in the custodial court, which is the Central District of California, not the court that imposed the sentence. See *Hernandez v. Campbell*, 204 F.3d 861, 864-65 (9th Cir. 2000) (citations omitted). Moreover, the Court lacks jurisdiction to review the Bureau of Prisons' placement decisions and its designation of Hayes' facility of confinement. (ECF No. 461 at 4-5.) See *United States v. Ceballos*, 671 F.3d 852, 855 (9th Cir. 2011); *Rodriguez v. Smith*, 541 F.3d 1180, 1182 (9th Cir. 2008); *United States v. Dragna*, 746 F.2d 457, 458 (9th Cir. 1984) (per curiam) (citations omitted). Thus, the Court lacks jurisdiction over Hayes' Motion because she is seeking writ under § 2241.

Hayes requests as the alternative that the Court commute her sentence *nunc pro tunc* to time served. (ECF No. 458 at 7.) She provides no legal authority to support her request. (*Id.*) However, the Court lacks authority to commute her sentence. See *Ceballos*, 671 F.3d at 854 (holding that the district court lacked "authority to amend the sentence after entry of the judgment and commitment order").

It is therefore ordered that Hayes' emergency motion (ECF No. 458) is denied.

DATED THIS 9th Day of March 2022.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE