1
2
3                    UNITED STATES DISTRICT COURT
4                         DISTRICT OF NEVADA
5                                * * *
6   UNITED STATES OF AMERICA,              Case No. 3:19-cr-00010-MMD-WGC
7                         Plaintiff,        ORDER
8        v.
    SAUD A. ALESSA, *et al.*,
9
                          Defendants.
10

11          Defendants Saud A. Alessa, Jeffrey Bowen, and Jackie Hayes were indicted on

12   one count of conspiracy to defraud the United States for the purpose of impeding the

13   lawful functions of the Internal Revenue Service. (ECF No. 1.) Alessa was also indicted

14   on one count of tax evasion and two counts of filing false tax returns. (*Id.*) Hayes pleaded

15   guilty (ECF No. 353), and a jury found Bowen and Alessa guilty on the counts they were

16   indicted on (ECF No. 430). The Court has since sentenced all three Defendants. (ECF

17   Nos. 457, 489, 490 (judgments of conviction).) Before the Court is Alessa's motion for bail

18   pending appeal or in the alternative to stay execution of his sentence pending appeal.[1]

19   (ECF No. 487 ("Motion").) Because the Court does not find that the two bases presented

20   in Alessa's Motion raise substantial questions of law or fact likely to result in reversal or

21   an order for a new trial—and as further explained below—the Court will deny the Motion.

22          But first, the Court addresses a preliminary matter. Alessa alternatively asks that

23   the Court grant him the relief he seeks in his Motion under the All Writs Act, 28 U.S.C. §

24   1651(a), in the event the Court does not grant him relief under 18 U.S.C. § 3141(b). (ECF

25   No. 487 at 1, 30.) However, as the government points out in its response (ECF No. 499

26   at 2 n.1), "[w]hen a statute specifically addresses the particular issue at hand, it is that

27

28
            [1]The government filed a response. (ECF No. 499.) Alessa did not file a reply,
     though the time for doing so has elapsed.

authority, and not the All Writs Act, that is controlling." *Perez v. Barr*, 957 F.3d 958, 967 (9th Cir. 2020) (citation omitted). The Court accordingly analyzes Alessa' Motion under 18 U.S.C. § 3141(b) only.

And while there are several factors the Court must consider under 18 U.S.C. § 3141(b), the government does not dispute that Alessa can satisfy several of them, instead focusing its argument on the fourth factor—whether "the appeal raises a substantial question of law or fact likely to result in reversal [or] an order for a new trial." (ECF No. 499 at 4.) The Court accordingly assumes without deciding that Alessa can satisfy the first three 18 U.S.C. § 3141(b) factors, and, like the government, focuses on the fourth factor.

As to that fourth factor, Alessa presents two categories of rulings that he contends raise substantial issues of law or fact likely to result in reversal or an order for a new trial. Alessa specifically argues that the Court erred when it: (1) rejected "his assignment of income instruction along with expert testimony that would have supported his defense and an instruction on the definition of taxable income[;]" and (2) prevented "the defense from calling primary government witness Ms. Hayes' prior counsel Mr. Molezzo, who would have substantially impeached Ms. Hayes' testimony by proving she lied on the stand and while under oath in previous court proceedings." (ECF No. 487 at 3.)

The Court does not find that its rulings as to either category of issues raise substantial issues of law or fact likely to result in reversal or an order for a new trial. As to the assignment of income category of issues, the Court repeatedly—and correctly—addressed and rejected the same arguments that Alessa raises in his Motion before, during, and after the trial. (ECF No. 487 at 11-22 (making the arguments); *see also* (ECF No. 316 at 4-7 (granting the government's motion to exclude the testimony of Patricia A. Cain); ECF No. 425 at 221-236, 243-49 (mentioning that the Court denied a motion for reconsideration regarding its decision to exclude Prof. Cain's testimony, entertaining more argument on Alessa's proposed jury instruction, and rejecting that proposed

1    instruction).) The Court denies the Motion to the extent based on its assignment of income

2    rulings for the reasons provided in those prior rulings.

3          As to Mr. Molezzo, Defendant Bowen raised the same argument in his motion for

4    bail or a stay of imposition of his sentence pending his appeal. (ECF No. 473.) The Court

5    denied Bowen's motion based on that argument. (ECF Nos. 485 (sentencing minutes);

6    *see also* ECF No. 507 (sealed) at 121-27 (hearing transcript).) Alessa's argument is

7    substantially the same as Bowen's. (ECF No. 487 at 23-28.) The Court rejects Alessa's

8    argument for the same reasons it rejected Bowen's. (ECF No. 507 (sealed) at 121-27.)

9          Alessa finally requests in the alternative that the Court stay the execution of his

10   sentence pending his appeal. (ECF No. 487 at 29.) For the reasons provided above, the

11   Court does not find that Alessa has made a strong showing he is likely to succeed on the

12   merits of his appeal.

13         It is therefore ordered that Alessa's motion for bail pending appeal or in the

14   alternative to stay execution of his sentence pending appeal (ECF No. 487) is denied.

15         DATED THIS 9th Day of May 2022.

16

17         _____

18         MIRANDA M. DU
           CHIEF UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

27

28

3